■ In the Matter of MICHAEL SANTARELLA, Appellant, v NEW YORK CITY DEPARTMENT OF CORRECTION et al., Respondents.—Judgment, Supreme Court, New York County, entered May 16, 1979 which denied petitioner's application for an order annulling the determination of respondents the New York City Department of Correction (Department) and New York City Department of Correction Commissioner, William Ciuros, Jr. (Commissioner), dismissing petitioner from his position as a correction officer and dismissed his petition, modified, on the law, to the extent of substituting for penalty of dismissal of petitioner a suspension without pay for a period from the date of dismissal or such earlier date on which petitioner was suspended on these charges, if there was such a suspension, to 60 days from the date of service of a copy of this court's order, and, as so modified, affirmed, without costs and without disbursements. In this proceeding pursuant to CPLR

---

article 78, petitioner seeks to review the action of the Commissioner dismissing petitioner as a correction officer upon charges of violation of departmental regulations. Petitioner was appointed as a correction officer on May 14, 1973, and was laid off as a result of the fiscal crisis on June 30, 1975. He was reinstated on December 2, 1975. On January 31, 1976 he was injured while on duty at Riker's Island and commenced sick leave the following day, February 1, 1976. He was suspended for the period March 14 to April 12, 1976, and then resumed sick leave. He was again suspended pending the disposition of criminal charges against him. His suspension was terminated on October 31, 1977 after he was acquitted of the criminal charges premised upon the discharge of his weapon. On May 29, 1978 he was served with charges alleging violations of departmental rules and regulations. The charges related to alleged abuse of sick leave during the period April 20 to May 31, 1976 and also on August 20, 1976. In substance, the charges and specifications (nine in all) were (1) failing while absent on sick leave to notify his command that he was leaving his residence; (2) leaving his residence while on sick leave for a purpose not authorized by departmental rules; (3) failing while on sick leave to notify his command that he had returned to his residence. The trial commissioner found petitioner guilty of all charges and specifications and recommended dismissal from the Department. On the basis of these findings and recommendation, the Commissioner ordered that petitioner be dismissed as a correction officer. Petitioner then instituted this CPLR article 78 proceeding seeking review and vacatur of the Commissioner's determination. We agree with Special Term that the determination was supported by substantial evidence. Where such administrative determinations are supported by substantial evidence, they must be sustained *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180-181; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231). However we have concluded that the discipline imposed was excessive. Petitioner's misconduct involved neither venality, corruption nor moral turpitude. We recognize that the violation and disregard of the sick leave rules of the Department should not be lightly disregarded, particularly in light of the function of that Department which is so directly concerned with security, requiring that high standards of employee service must be maintained. However, the penalty of dismissal appears to be disproportionate to the offense *(Matter of Pell v Board of Educ., supra)* and unreasonably harsh and excessive. While petitioner's conduct cannot be condoned, it nevertheless appears that the necessary aims of discipline in the Department can be achieved by less severe punishment then dismissal. In light of the circumstances, the lesser sanction of suspension for the time indicated above would more appropriately satisfy the ends of justice and the need to maintain discipline and control over departmental personnel. Concur—Fein, J. P., Ross and Carro, JJ.; Silverman, J., dissents and would affirm.